UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JESUS A. CANIZARES
and other similarly-situated individuals,

v.

ANIMAL AIR SERVICE, INC.
and LUIS ENRIQUE VALDIVIESO, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JESUS A. CANIZARES, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants ANIMAL AIR SERVICE, INC. and LUIS ENRIQUE VALDIVIESO individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, by Title 29 U.S.C. § 201-219, the Fair Labor Standards Act, "the Act" (Section 216 (b) for jurisdictional placement).

2. Corporate Defendant ANIMAL AIR SERVICE, INC. (hereinafter ANIMAL AIR) is a Florida Corporation which has its place of business in Dade County, within the jurisdiction of this Court.  Defendant is an animal transport and handling company providing services at Miami International Airport. At all times material hereto Defendant ANIMAL AIR was and is engaged in interstate commerce.

3. Individual Defendant LUIS ENRIQUE VALDIVIESO was and is director and/or owner of Defendant Corporation ANIMAL AIR SERVICE, INC. This individual Defendant had financial control, directed operations of the corporation and he is Plaintiff's employers in the meaning of 29 U.S.C. § 203(d).

4. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 16, 2012 (the "material time") without being compensated.

6. Defendant ANIMAL AIR is a logistic company providing full transport, equipment and handling services to customers shipping and receiving animals through the Miami International Airport. Defendant operates boarding facilities for the reception and shipping of animals to domestic and international destinations. Defendant also provides cleaning services for the airlines transporting those animals.

7. Defendant ANIMAL AIR employed Plaintiff JESUS A. CANIZARES from approximately March 2007 through June 2, 2015, or more than 8 years. For FLSA purposes Plaintiff's relevant period of employment are 132 weeks.

8. Plaintiff was a non-exempt employee who was paid a salary which intended to pay for 40 hours in every workweek. Plaintiff's hourly rate was approximately $17.31. In 2015, Plaintiff's wage rate was increased to $20.00 an hour, consequently, his overtime rate should be $25.96 and $30.00 an hour, respectively.

9. Plaintiff was a lead man and he had duties as a driver, groomer, and cleaner. Plaintiff also manufactured all kind of crates, stalls, and pens to be used in the transportation of animals.

10. In order to complete all his responsibilities, Plaintiff drove in the same week, trucks to transport horses and big animals and a pick up truck to complete minor tasks.

11. During his time of employment with Defendant, Plaintiff worked split shifts that varied greatly as per the requirements of incoming and outgoing flights.

12. Plaintiff worked on low season (June, July, August and September) split shifts of 6 days per week for an average of 75 hours per week.

13. On high season (October, November, December, January, February, March, April and May) Plaintiff worked split shifts 7 days per week, for a total of 92 hours per week.

14. Due to the "split" shifts of Plaintiff, he never took lunch break hours during his working hours.

15. Additionally, under the scheme of "split shifts" Plaintiff spent at least 10 hours of compensable "on call" time, for a total of 85 working hours every week in low season; and 102 working hours in high Season. In high season Plaintiff worked shifts up to 17 hours twice a week.

16. However, during all his employment time with Defendant. Plaintiff was paid for just 40 hours, he was not paid for any hour in excess of 40, in violation to that Fair Labor Standards Act.

17. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in or out.

18. Plaintiff was paid with checks accompanied by paystubs that did not reflect the total number of hours worked.

19. Plaintiff JESUS A. CANIZARES seeks to recover unpaid overtime hours, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a) (1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiff and those similarly-situated to recover from the Employers ANIMAL AIR and LUIS ENRIQUE VALDIVIESO unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and

specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. The Employer/Defendant ANIMAL AIR provides ground transporting and handling animal services to domestic and international carriers. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). At all times, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. The Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses the instrumentalities and channels of interstate commerce. At all times Defendant had more than two employees regularly engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. Defendants' business activities involves those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. The Plaintiff's work for the Defendant likewise affected interstate commerce. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities he regularly engaged in interstate commerce when he participated in the company's shipping and receiving activities of animals to and from different interstate locations. Therefore, there is FLSA individual coverage.

25. Defendant ANIMAL AIR employed Plaintiff JESUS A. CANIZARES from approximately April 2005 through June 15, 2015, or more than 10 years. For FLSA purposes, Plaintiff's relevant period of employment are 132 weeks.

26. Plaintiff was a non-exempt employee who was paid a salary which intended to pay for 40 hours in every workweek. Plaintiff's regular rate was approximately $17.31. In 2015 Plaintiff's hourly rate was increased to approximately $20.00 an hour. Consequently, Plaintiff overtime rate should be $25.96 and $30.00 an hour.

27. During his time of employment with Defendant, Plaintiff worked split shifts that varied greatly as per the requirements of incoming and outgoing flights.

28. Plaintiff worked on low season (June, July, August and September) split shifts, 6 days per week an average of 75 hours per week.

29. On High season (October, November, December, January, February, March, April and May) Plaintiff worked split shifts from Monday to Sunday for a total of 92 hours per week.

30. Due to the "split" shift of Plaintiff, he never took lunch break hours during his working hours.

31. Additionally, under the scheme of "split shift" Plaintiff spent at least 10 hours of compensable "on call" time, for a total of 85 working hours every week in low season; and 102 working hours in high Season. In high season Plaintiff worked shifts up to 17 hours twice a week.

32. Due to the "split" shift of Plaintiff, he never took lunch break hours during his working hours.

33. However, during all his employment time with Defendant. Plaintiff was paid for just 40 hours, he was not paid for any hour in excess of 40, in violation to that Fair Labor Standards Act.

34. Defendant did not maintain any time keeping method and did not keep track of, and record the hours worked by Plaintiff and other similarly situated employees, who never clocked in or out.

35. The records, if any, concerning the number of hours actually worked by Plaintiff JESUS A. CANIZARES, and all other similarly-situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Calculated as per FLSA statute of limitations from 3 (three) years from the date of the filing of this complaint to his last day of employment.

    a. <u>Total amount of alleged unpaid overtime wages</u>:

       Two Hundred Seventy Three Thousand Four Hundred Eighteen Dollars and 80/100 ($273,418.80)

    b. <u>Calculation of such wages</u>:

       Total relevant period of employment: 132 weeks
       Paid weekly: 692.30:40 hours=$17.31regular rate x 1.5=$25.96
       (From November 2012 to December 2014)
       Paid weekly: $800:40 hours=$20.00 regular rate x 1.5=$30.00 O/T rate

(from January 2015 to last day of employment)
Low Season:  June, July, August and September= 18 weeks
High Season: October, November, December, January, February, March,
April and May= 34 weeks
Hours worked in low season: 85 hrs. wkly - O/T hours  low season: 45 hrs.
Hours worked in high season: 105 hrs. wkly – O/T hours high season: 65 hrs.

**1.-Unpaid Overtime 2012: $10,124.40**

High season from November 16 to December 31, 2012= 6 weeks
$25.96 O/T rate x 65 O/T hours=$1,687.40 x 6 weeks=$10,124.40

**2.- Unpaid Overtime for 2013: $112,147.20**

High Season from January, February, March, April and May 2013=20 weeks
$25.96 O/T rate x 65 O/T hours=$1,687.40 x 20 weeks=$33,748.00

Low Season:  June, July, August and September 2013 =18 weeks
$25.96 O/T rate x 45 O/T hours=$1,168.20 x 18 weeks=$21,027.60

High Season from October, November, December 2013=14 weeks
$25.96 O/T rate x 65 O/T hours=$1,687.40 x 34 weeks=$57,371.60

**3.-  Unpaid Overtime for 2014:  $112,147.20**

High Season from January, February, March, April and May 2013=20 weeks
$25.96 O/T rate x 65 O/T hours=$1,687.40 x 20 weeks=$33,748.00

Low Season:  June, July, August and September 2013 =18 weeks
$25.96 O/T rate x 45 O/T hours=$1,168.20 x 18 weeks=$21,027.60

High Season from October, November, December 2013=14 weeks
$25.96 O/T rate x 65 O/T hours=$1,687.40 x 34 weeks=$57,371.60

**4.- Unpaid Overtime for 2015:  $39,000.00**

High Season from January, February, March, April and May 2014=20 weeks
$30.00 O/T rate x 65 O/T hours=$1,950 x 20 weeks=$39,000.00

Total Overtime:  $273,418.80

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime.

37. At all times material hereto, the Employer/Defendant ANIMAL AIR failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendant ANIMAL AIR knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. At the times mentioned, individual Defendant LUIS ENRIQUE VALDIVIESO was the director and/or owner of Defendant Corporation ANIMAL AIR. Defendant LUIS ENRIQUE VALDIVIESO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of ANIMAL AIR in relation to its employees including Plaintiff and others similarly situated. Defendant LUIS ENRIQUE VALDIVIESO had financial and operational control of the Corporation, he had control of Plaintiff's working conditions, and he is jointly liable for Plaintiff's damages.

40. Defendants ANIMAL AIR and LUIS ENRIQUE VALDIVIESO willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JESUS A. CANIZARES and those similarly-situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants ANIMAL AIR and LUIS ENRIQUE VALDIVIESO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JESUS A. CANIZARES and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: November 23, 2015,

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        3100 South Dixie Highway
        Suite 202
        Miami, FL 33133
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*